UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

WINDWARD DEVELOPMENT, INC.,

        Petitioner,

 v.

JAMES THOMAS,

        Respondent.

Civil Action No.
3:17-CV-1082 (CSH)

May 17, 2018

**MEMORANDUM AND ORDER ON SUBJECT MATTER JURISDICTION**

**HAIGHT, Senior District Judge:**

Before the Court are cross-petitions regarding certain arbitration awards, purportedly filed pursuant to the Federal Arbitration Act ("FAA" or "the Act"). Petitioner Windward Development, Inc. has petitioned this Court for confirmation of an arbitration award [Doc. 1], and Respondent James Thomas, by his Answer to Petitioner, has made a cross-petition to vacate that award, in part [Doc. 11].

Both Parties assert that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1331,[1] in that this is a civil action arising under Federal Laws." Pet. to Confirm, Doc. 1, ¶ 6. *See also* Pet'r's Br., Doc. 1-14 at 4 (same); Answer & Cross-Pet., Doc. 11, ¶ 21 (same). Neither Party cites the specific federal law or laws which establish this Court's jurisdiction, and, after careful review of the filings,

---

[1] 28 U.S.C. § 1331, captioned "Federal question," provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

1

the Court can only infer that the Parties' assertion of federal subject matter jurisdiction relies on the FAA.[2] The Court considers *sua sponte* whether these petitions fall within its subject matter jurisdiction.

**I. The Federal Arbitration Act**

The FAA, 9 U.S.C. §§ 1-16,

> provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it. Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected. But arbitration awards are not self-enforcing. Rather, they must be given force and effect by being converted to judicial orders by courts.

*R & Q Reinsurance Co. v. Utica Mut. Ins. Co.*, 18 F. Supp. 3d 389, 392 (S.D.N.Y. 2014) (internal quotation marks, alterations, and citations omitted) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St.*, 552 U.S. 576). § 9 of the Act provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. § 10 provides that reviewing courts may vacate an arbitration award in the limited

---

[2] This inference relies on the observation that the Federal Arbitration Act is the only federal statute, other than the jurisdictional statute 28 U.S.C. § 1331, which is cited by the cross-petitions.

2

circumstances where (1) "the award was procured by corruption, fraud, or undue means; (2) [] there was evident partiality or corruption in the arbitrators . . . ; (3) [] the arbitrators were guilty of misconduct . . .; or (4) [] the arbitrators exceeded their powers." 9 U.S.C. § 10. § 11 provides for judicial modification or correction of an arbitration award, in similarly limited circumstances.

"[T]he Federal Arbitration Act . . . does not independently confer subject matter jurisdiction on the federal courts." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009). "[T]he Act is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (internal quotation marks and alterations omitted) (quoting *Hall St.*, 552 U.S. at 581-82). "That independent jurisdictional basis is generally either federal question or diversity jurisdiction." *Hermès of Paris, Inc. v. Swain*, 867 F.3d 321, 325 n. 1 (2d Cir. 2017). Federal courts' admiralty jurisdiction is a frequent source of FAA subject matter jurisdiction. 9 U.S.C. § 2 declares valid and enforceable "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration" controversies arising out of the contract or transaction. *See also Harry Hoffman Printing, Inc. v. Graphic Commc'ns., Int'l Union, Local 261*, 912 F.2d 608, 611 (2d Cir. 1990) (collecting cases) ("section 10 of the Arbitration Act does not confer subject matter jurisdiction on a district court. . . .There must be an independent basis of jurisdiction before a district court may entertain petitions under the Act.").

## II. Subject Matter Jurisdiction in the Federal Courts

Federal district courts are courts of limited jurisdiction, under Article III, Section 2, of the United States Constitution. *See, e.g., Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371,

3

376 (1940), *reh'g denied*, 309 U.S. 695 (1940). The question of subject matter jurisdiction is fundamental, so that a court must raise the issue *sua sponte*, of its own accord, when the issue is not addressed by the parties. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). *See also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

In general, a federal district court may exercise subject matter jurisdiction over an action only if there is either: (1) "federal question" jurisdiction, applicable to "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; or (2) there exists "diversity of citizenship," complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a). *See also Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

Unlike personal jurisdiction, "failure of subject matter jurisdiction is not waivable." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); 211 F.3d at 700-01. *See also, e.g., Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.,* 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action . . . for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it . . . .") (quoting

4

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))*; Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

**III. Discussion**

Accordingly, before this action proceeds to a determination on the merits, the question of subject matter jurisdiction must be resolved. *See, e.g., Piacentini v. Bimbo Foods Bakeries Distribution, LLC*, No. 17-CV-00386 (VAB), 2018 WL 1069576, at *4 (D. Conn. Feb. 27, 2018) (Bolden, J.) (in FAA action to vacate award, "[b]efore turning to the merits, the Court must determine Mr. Piacentini's independent jurisdictional basis for the Court to hear this dispute.").

On the record before the Court, there is, thus far, no discernible basis for exercise of federal subject matter jurisdiction. Aside from the FAA, which, as discussed *supra*, is not an independent basis of federal question jurisdiction, no federal statute has been cited by either party as a basis for this Court's exercise of jurisdiction under § 1331. Further, the underlying dispute which brought the Parties to arbitration relates to alleged breaches of a contract for the physical renovation of Respondent's Connecticut residence: a quintessential matter of state law. *See* Pet. to Confirm, ¶ 1; Answer & Cross-Pet., ¶ 50. In arbitration, Respondent further alleged that Petitioner had violated certain Connecticut commercial statutes. *See* Answer & Cross-Pet., ¶ 51, citing C.G.S. §§ 20-429, 442-110, *et seq*.

Neither Party has asserted the existence of diversity jurisdiction under § 1332. On the record before the Court, it appears that Petitioner is a Connecticut corporation with a principal place of

business in New Canaan, Connecticut, and Respondent is an individual residing in New Canaan, suggesting that both Parties are citizens of the State of Connecticut, for the purposes of diversity jurisdiction.[3]  *See* 28 U.S.C. § 1332; Pet. to Confirm, ¶¶ 4-5; Answer & Cross-Pet., ¶¶ 4-5, 19-20. It appears, on this record, that the Parties are not, as required for the exercise of federal jurisdiction under § 1332, diverse in their citizenship.

**IV. Conclusion and Order**

As this Court is not presently aware of any basis of federal subject matter jurisdiction in this action, the Court hereby ORDERS any Party or Parties believing such jurisdiction to exist to file, on or before **Thursday, June 7, 2018**, a statement of the basis for this Court's exercise of federal subject matter jurisdiction. The Parties may, if they wish, file a joint statement, or make separate filings. In the alternative, if neither Party is able or willing to assert a cognizable basis for this Court's exercise of subject matter jurisdiction, the Parties may, by the same deadline, file a voluntary stipulation of dismissal pursuant to Federal Rule 41(a)(1)(A)(ii). If no filing is made by the stated deadline, the Court will dismiss both petitions, without prejudice, for lack of subject matter jurisdiction, pursuant to Federal Rules 12(h)(3) and 41(b).

It is SO ORDERED.

Dated: New Haven, Connecticut
      May 17, 2018

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge

---

[3] For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).